IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAKE DAVID CLINE                                                                PLAINTIFF

          v.                          Civil No. 5:23-cv-05128-TLB-MEF

BOOKING SERGEANT, Benton
County Detention Center (BCDC);
TURNKEY MEDICAL STAFF;
SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas; and
SERGEANT KAYLA RAY, BCDC                                         DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

          This is a civil rights action filed by the Plaintiff under 42 U.S.C. § 1983.   Plaintiff proceeds

*pro se* and *in forma pauperis*.   Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the

Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned

for the purpose of making a Report and Recommendation.   The case is before the Court on

Plaintiff's failure to obey the Court's Orders.

## I.      DISCUSSION

          Plaintiff filed his Complaint to initiate this action on August 4, 2023.   (ECF No. 1).   When

he filed this case, Plaintiff was specifically advised that he was required to immediately inform the

Court of any change of address.   (ECF No. 3).   If Plaintiff was transferred or released, Plaintiff

was told he must advise the Court of any change in his address by no later than thirty (30) days

from the time of his transfer to another facility or his release.   Additionally, Rule 5.5(c)(2) of the

Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly

notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor

1

the progress of the case, and to prosecute or defend the action diligently."

One of Plaintiff's claims is that he was denied adequate medical care by Turn Key medical staff when he returned from the hospital to the Benton County Detention Center on May 19, 2022. (ECF No. 6).   In the Order directing service on Sheriff Holloway, the Court directed him to identify the members of the Turn Key medical staff who were on duty on May 19, 2022.   (ECF No. 7).   The Sheriff complied and identified the Turn Key staff members.   (ECF No. 12).   On October 30, 2023, an Order was entered directing Plaintiff to advise the Court which, if any, of the identified medical staff he maintained had violated his federal constitutional rights.   (ECF No. 13).   His response was due by November 20, 2023.   Plaintiff did not respond.   On December 4, 2023, a Show Cause Order was entered directing Plaintiff to explain why he failed to respond to the Court's Order.   (ECF No. 14).   His response was due by December 26, 2023.   Plaintiff was advised that failure to respond would subject his case to dismissal.   To date, Plaintiff has not identified the Turn Key medical staff involved in the alleged denial of medical care.

On January 8, 2024, a Bench Order was entered advising Defendants if they wished to raise the issue of exhaustion of administrative remedies, they must do so by summary judgment motion filed no later than February 22, 2024.   (ECF No. 15).   Defendants timely filed a Motion for Partial Summary Judgment.   (ECF Nos. 16-18, 20).   The following day, an Order was entered directing Plaintiff to respond to the summary judgment motion by March 15, 2024.   (ECF No. 19). Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure.   In the same Order, Plaintiff was advised that failure to respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted, and/or (b) the case would be

subject to dismissal.

Plaintiff did not file a response to the Motion for Partial Summary Judgment. As a matter of procedural fairness and to give Plaintiff yet another opportunity to comply with the Court's Orders, a Show Cause Order was entered on March 18, 2024. (ECF No. 21). Plaintiff was given until April 8, 2024, to show cause why he failed to obey the Orders of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order, the case **shall** be subject to dismissal.

On March 25, 2024, mail was returned to the Court as undeliverable from the Cummins Unit of the Arkansas Division of Correction. (ECF No. 22). The mail was marked "paroled." Plaintiff had 30 days, or until April 24, 2024, to provide the Court with a new address. To date, Plaintiff has not provided a new address; he has not identified the Turn Key medical staff involved in the alleged denial of medical care; and he has not responded to the Motion for Partial Summary Judgment. Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties

3

appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or ... persistent failure to prosecute a complaint. [The Court must consider] ... whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

Here, Defendants expended resources conducting discovery and preparing their Motion for Partial Summary Judgment. Plaintiff then intentionally chose not to respond to the Motion. Plaintiff was advised in four separate Court Orders that failure to comply with the Court's Orders would result in dismissal of his case. (ECF Nos. 3, 13, 14, 19).[1] Plaintiff has not communicated with the Court in any way after the Court entered the Order on February 23, 2024, directing him to respond to the Motion for Partial Summary Judgment. (ECF No. 19). Plaintiff has not submitted a new address and more than 30 days has expired.

---

[1] The Court's second Show Cause Order is the document that was returned as undeliverable. (ECF No. 21).

## II.      CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2).   Further, it is recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of April 2024.

/s/  *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE